UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ODL, INCORPORATED,                          :
                                            :
                        Plaintiff           :
                                            :        CIVIL ACTION NO. 3:04-cv-00055-KRG-KAP
            v.                              :
                                            :        Judge Kim R. Gibson
                                            :        Magistrate Judge Keith A. Pesto
SIGNATURE DOOR, INC.,                       :
                                            :
                        Defendant.          :

**SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS OF DEFENDANT SIGNATURE DOOR, INC.**

Defendant, Signature Door, Inc., answers Plaintiff's Complaint by its numbered paragraphs, as follows:

1.      The averments of paragraph 1 are conclusions of law to which a response is not required.  To the extent a response is deemed necessary, these allegations are denied.

2.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 2 and therefore denies same.

3.      Admitted in part and denied in part.  Defendant admits that it is a Pennsylvania corporation having a principal place of business at 401 Juniata Street, Altoona, Blair County, Pennsylvania.  Defendant denies that it has committed acts of infringement in this or any other judicial district.

**Count I - Alleged Infringement of U.S. Patent No. 6,546,682**

4.      Defendant incorporates its answers to paragraphs 1-3 above.

5.      Denied.  Defendant admits that a copy of U.S. Patent No. 6,546,682 is attached as Exhibit A and bears a grant date of April 15, 2003.  Defendant specifically denies that U.S. Patent No. 6,546,682 was duly issued.  U.S. Patent 6,546,682 was subject to reexamination 90/007,947 and was altered therein as provided by Reexamination Certificate 6546682C1.  Defendant denies that said Reexamination Certificate was duly issued.  Defendant is without knowledge or information sufficient to

form a belief as to the truth of the remaining averments of paragraph 5 and therefore denies same.

6.     Defendant denies the averments of paragraph 6.

7.     Defendant denies the averments of paragraph 7.

8.     Defendant denies the averments of paragraph 8.

9.     Defendant denies the averments of paragraph 9.

### Count II - Alleged Infringement of U.S. Patent No. 5,636,484

10.     Defendant incorporates its answers to paragraphs 1-9 above.

11.     Denied. Defendant admits that a copy of U.S. Patent No. 5,636,484 is attached as Exhibit B and bears a grant date of June 10, 1997.  Defendant specifically denies that U.S. Patent No. 5,636,484 was duly issued.  U.S. Patent No. 5,636,484 was subject to reexamination 90/007,960 and was altered therein as provided by Reexamination Certificate 5636484C1.  Defendant denies that said Reexamination Certificate was duly issued.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 11 and therefore denies same.

12.     Defendant denies the averments of paragraph 12.

13.     Defendant denies the averments of paragraph 13.

### Affirmative Defenses

**I.     Noninfringement**

14.     Defendant, Signature Door, Inc. has not infringed, either literally or under the doctrine of equivalents, nor contributed to or actively induced the infringement by others, of any valid claim of either of U.S. Patent Nos. 6,546,682 or 5,636,484.

**II.     Invalidity**

15.     All of the claims of U.S. Patent Nos. 6,546,682 or 5,636,484 that have been or might be asserted against Defendant and all of the claims of Reexamination Certificates 6546682C1 or 5636484C1 are invalid and unenforceable due to failure to comply with one or more of 35 U.S.C. §§ 101, 102, 103 and 112, and inequitable

conduct related to the knowing failure to disclose material prior art pursuant to 17 C.F.R. §§ 1.56 and 1.555.

## III.    Unenforceability

16.    All of the claims of U.S. Patent Nos. 6,546,682 or 5,636,484 that have been or might be asserted against Defendant are unenforceable under the doctrines of laches, estoppel and unclean hands.

17.    All of the claims of U.S. Patent Nos. 6,546,682 or 5,636,484 that have been or might be asserted against Defendant are unenforceable due to fraudulent and inequitable conduct by one or more of the inventors, the patent owner and their representatives during prosecution of reexamination proceedings 90/007,947 and 90/007,960 before the U.S. Patent and Trademark Office.

18.    During prosecution of reexamination proceedings 90/007,947 and 90/007,960, the inventors, the patent owner and each attorney or agent who represented the patent owner and every other individual who was substantively involved on behalf of the patent owner had a duty to disclose to the U.S. Patent and Trademark Office all information known to them to be material to patentability.

19.    During prosecution of reexamination proceedings 90/007,947 and 90/007,960, one or more of the inventors, the patent owner and its attorneys and agents and alleged expert had knowledge or should have had knowledge of prior art asserted in Defendant's invalidity contentions, at least because Defendant's invalidity contentions were served on Plaintiff's counsel and copies of the prior art mentioned therein were provided by Defendant to Plaintiff.

20.    Among the materials that were known to one or more of the inventors, the patent owner and its attorneys and agents and other individuals substantively involved in said reexamination proceedings were disclosures of prior art examples of laminated glass assemblies comprising plastic layers with protruding strips captured in frame elements, an example being U.S. Patent No. 5,778,629 – Howes, where a plastic strip 56a is captured between frame components 68 and 70.  However, U.S. Patent No. 5,778,629 was not disclosed to the U.S. Patent and Trademark Office by the patent owner or the patent owner's counsel or alleged expert or by others substantively

involved on behalf of the patent owner, who have alleged in the present action that a substantially similar structure in Defendant's products as detailed in Dade County notices of acceptance infringed U.S. Patent No. 6,546,682.

21.     Among the materials that were known to one or more of the inventors, the patent owner and its attorneys and agents and other individuals substantively involved in said reexamination proceedings were disclosures of prior art examples of silicone structural glazing adhesives.  These materials were known at least from Defendant's invalidity contentions, which included copies and an explanation of their pertinence to one or more claims of U.S. Patent Nos. 5,636,484 and/or 6,546,682.  A disclosure of silicone structural glazing adhesive in the prior art refutes or is inconsistent with positions taken by the patent owner and its alleged expert in attempting to characterize prior art glazing as limited to sealants or caulk as opposed to structural adhesive, during reexamination proceedings 90/007,947 and 90/007,960.

22.     The prior art asserted in Defendant's invalidity contentions and served on Plaintiff's counsel is not cumulative to information already of record in any application related to U.S. Patent Nos. 5,636,484 or 6,546,682.

23.     The prior art asserted in Defendant's invalidity contentions and served on Plaintiff's counsel establishes, by itself or in combination with other information, a prima facie case of unpatentability of at least one claim of U.S. Patent Nos. 5,636,484 or 6,546,682.

24.     The prior art asserted in Defendant's invalidity contentions and served on Plaintiff's counsel refutes, or is inconsistent with, at least one position advanced by one or more of the inventors, the patent owner and their representatives, taken in opposing an argument of unpatentability relied on by the U.S. Patent and Trademark Office or in asserting an argument of patentability.

25.     A reasonable patent examiner would be substantially likely to consider the prior art asserted in Defendant's invalidity contentions and served on Plaintiff's counsel important in deciding whether to allow the claims presented in reexamination proceedings 90/007,947 and 90/007,960 for U.S. Patent Nos. 5,636,484 and 6,546,682.

26.     The prior art asserted in Defendant's invalidity contentions and served on Plaintiff's counsel, as well as other prior art containing similar information, known to one

or more of the inventors, Plaintiff ODL, their representatives William Dani, Charles Burpee and Warner Norcross & Judd, was material to the patentability of at least one claim presented during prosecution of patent applications leading to each of U.S. Pats. 5,636,484 and 6,546,682 and at least one claim presented during each of reexamination proceedings 90/007,947 and 90/007,960.  However, such prior art was not disclosed  to the patent examiner, and/or unaccountably was not mentioned to the patent examiner, when ODL, the inventors and/or their representatives in an effort to induce the patent examiner to allow patent claims, presented statements that were contrary to the prior art, thereby misrepresenting the content of prior art that was known to such persons.

27.     The inventor(s), the patent owner and its attorneys, agents, representatives and other individuals substantively involved in reexamination proceedings 90/007,947 and 90/007,960 intended for the U.S. Patent and Trademark Office to rely on statements that they made to the patent examiner as being made in accordance with the duty of candor imposed by 37 C.F.R. §1.56.

28.     The patent owner and its attorneys and agents and other individuals substantively involved in said reexamination proceedings failed to cite material prior art that was known to them with an intent to mislead the U.S. Patent and Trademark Office, thereby practicing fraud on the U.S. Patent and Trademark Office and rendering U.S. Patent Nos. 5,636,484 and 6,546,682 unenforceable.

29.     According to admissions of ODL in reexamination 90/009169, David DeBlock, alleged inventor, was aware during development work prior to filing the application leading to US Patent 5,636,484 that structural adhesives were used to adhere glazing panels to supporting structures.  However ODL and its attorneys argued and alleged inventor David DeBlock presented a Declaration asserting in the application leading to Patent 5,636,484, that claims reciting "structural adhesive" structurally intersecuring an outer frame half and a laminated glass assembly were patentable, and the examiner was wrong in asserting an obvious rejection over US Patent 4,947.597 – Simpson, specifically because the prior art disclosed caulking compound that would not achieve a structural bond between adjacent components as would a structural adhesive.  Thereafter, during reexamination 90/007,960 of Patent 5,636,484, DeBlock,

- 5 -

ODL and its attorneys failed to disclose to the Patent and Trademark Office multiple prior art publications that had been cited in Defendant's Preliminary Invalidity Contentions demonstrating silicone structural adhesive in glazing prior to the novelty bar dates applicable to US Patents 5,636,484, while at the same time presenting arguments and the Declaration of alleged expert Jonathon DeMond, asserting again that claims under reexamination were patentable over prior art rejections because one of the prior art references cited by the examiner disclosed a caulking or sealing compound that would be ineffective to achieve a structural bond between adjacent components as would a structural adhesive. By repeatedly arguing to overcome rejections and presenting Declarations seeking to distinguish claims on the basis of structural adhesive in glazing being patentable over caulking or sealant in glazing, while knowing from experience and from multiple citations provided by Defendant that structural adhesive in glazing was known in the prior art, DeBlock, ODL and their counsel at Warner Norcross & Judd knowingly defrauded the US Patent Office to grant US Patent 5,636,484 and Reexamination Certificate 5,636,484C1.

30. According to the admissions of Plaintiff ODL, when prosecuting reexamination 90/007,960, Charles Burpee and/or other attorneys of Warner Norcross & Judd and/or David DeBlock and/or other employees of Plaintiff ODL provided to their alleged expert Jonathon DeMond a copy of DeBlock's Declaration filed during prosecution of US Patent 5,636,484, but did not provide to DeMond a copy of Defendant's Preliminary Invalidity Contentions and did not provide to DeMond the patents and publications cited therein that disclosed silicone structural adhesive in glazing. ODL and its attorneys and/or DeBlock and ODL's employees, who were aware at the time of Defendant's Invalidity Contentions and the patents and publications cited therein, thus induced or permitted DeMond to deliver a Declaration that asserted or implied that DeBlock was the inventor of structural adhesive for holding a glass pane in a glazing frame; and did so with knowledge and the intent that the DeMond Declaration would be submitted to the US Patent and Trademark Office and would be relied upon by the patent examiner to find the patent claims allowable and to grant a reexamination certificate; and achieved their intended result. DeBlock, ODL and their counsel thus

- 6 -

defrauded the US Patent and Trademark Office to grant Reexamination Certificate 5,636,484C1.

31.     Charles Burpee, counsel for ODL, failed during prosecution of reexaminations 90/007,947 and 90/007,960 to disclose to the Patent and Trademark Office multiple prior art publications that had been cited in Defendant's Preliminary Invalidity Contentions demonstrating silicone structural adhesive in glazing prior to the novelty bar dates applicable to US Patents 5,636,484 and 6,546,682, and which should have been cited in keeping with the duty of candor under 37 C.F.R. §1.56.

32.     Upon information and belief, Charles Burpee, counsel for ODL, on January 17, 2007 while having knowledge of Defendant's Preliminary Invalidity Contentions, argued in a personal interview with the examiners of the Patent and Trademark Office, that the invention claimed in reexamination  90/007,960 patentably distinguished over a rejection relying in part on US Patent 2,356,878 – Painter because the prior art cited by the Patent Office failed to disclose or suggest structural adhesive for holding a glass pane in a glazing frame, and instead disclosed caulk or sealant that was lacking in structural strength, while intending by such arguments to induce the Patent Office to allow the claims that were presented during reexamination.

33.     Charles Burpee, counsel for ODL, on or about February 19, 2007 while having knowledge of Defendant's Preliminary Invalidity Contentions, argued in a written amendment filed at the Patent and Trademark Office, that the invention claimed in reexamination  90/007,960 patentably distinguished over a rejection relying in part on US Patent 2,356,878 – Painter because the prior art cited by the Patent Office failed to disclose or suggest structural adhesive for holding a glass pane in a glazing frame.

34.     Compositions known in the prior art applicable to US Patents 5,636,484 and 6,546,682 include examples that have different variations of sealant qualities and adherent qualities.  Compositions that may be described as adhesive may have sealing qualities; and compositions used for sealing may be adherent.  When arguing to the patent examiner for patentability of structural adhesive claims in the reexaminations, and when presenting materials to DeMond, who drafted a declaration in support of patentability, ODL and its representatives and counsel at Warner Norcross & Judd advanced an alleged distinction between sealant and adhesive as a means for

criticizing the Painter Patent 2,356,878. ODL and its representatives, through manipulation of information that effectively tainted DeMond's declaration, alleged that the Painter Patent disclosure was insufficient to demonstrate prior art disclosure of the subject matter claimed as a whole. Assuming that the Painter Patent disclosed only a sealant and not an adhesive, ODL and its representatives named herein knowingly presented half truths that materially misrepresented the state of the prior art to DeMond and also materially misrepresented the prior art to the examiners of the US Patent and Trademark Office during prosecution of reexamination 90/007,960. ODL and its representatives named herein were at that time in possession of Defendant's Preliminary Invalidity Contentions, and those contentions contained plural prior art examples of structural adhesive in glazing, including the disclosure of the specific structural adhesive composition that was mentioned in DeMond's declaration, including disclosure of the use of such compositions in connection with wind loading, including disclosed reports of successful use of such compositions in "extreme events," including disclosure of examples that could have been used by the patent examiner to substitute any obviousness rejection based on Painter with an anticipation rejection under 35 U.S.C. §102, and including an express explanation from Defendant Signature Door as to why the prior art rendered invalid the subject matter of the respective patent claims. ODL and its representatives not only remained silent about that prior art, but adopted and advocated DeMond's tainted arguments in their presentations to the examiner in person and in writing.

35.     Upon information and belief, one or more of ODL, William J. Juhasz, Jr., Gregory P. Bondarenko, David A. DeBlock, Douglas F. Hutchings, Paul Meeuwsen, David Killoran, Warner Norcross & Judd, Charles E. Burpee and William P. Dani, failed to meet their duty of candor the Patent and Trademark Office, by failing at any time during the prosecution of reexaminations 90/007,947 to point out to the examiner that US Patent 5,937,611 – Howes, known to them and cited in Defendant's Preliminary Invalidity Contentions, disclosed a glass pane and frame assembly including a panel having a perimeter edge, a transparent film laminated to the panel and extending beyond the edge and being captured by a frame, and was substantially inconsistent with arguments for patentability of the claims of US Patent 6,546,682.

36.     Upon information and belief, one or more of ODL, William J. Juhasz, Jr., Gregory P. Bondarenko, David A. DeBlock, Douglas F. Hutchings, Paul Meeuwsen, David Killoran, Warner Norcross & Judd, Charles E. Burpee and William P. Dani, failed to meet their duty of candor the Patent and Trademark Office, by failing at any time during the prosecution of reexaminations 90/007,960 to point out to the examiner that publications known to them and cited in Defendant's Preliminary Invalidity Contentions, disclosed prior art structural adhesives in glazing, and were substantially inconsistent with arguments for patentability of the claims of US Patent 5,636,484 and could have been directly substituted for prior art references cited by the patent examiner, in prior art rejections that ODL and its representatives contended were deficient for lack of disclosure of the same aspects that were disclosed in said publications.

37.     The failure of Plaintiff as owner of Patents 6,546,682 and 5,636,484, and the failure of the inventor, counsel for Plaintiff, and representatives of Plaintiff to meet their duty of candor to the Patent and Trademark Office renders both said patent unenforceable and renders this action exceptional so as to justify an award in favor of Defendant and against Plaintiff of all costs and attorneys' fees incurred by Defendant in connection with the civil action.

## IV.     Abatement and Absolute Intervening Rights under 35 U.S.C. §§ 307 and 252

38.     During reexaminations 90/007,947 and 90/007,960, the claims asserted by Plaintiff against Defendant were amended to alter the nature and/or scope of the subject matter claimed, wherefore, the amended claims of U.S. Patent Nos. 5,636,484 and 6,546,682 as set forth in Reexamination Certificates 5636484C1 and 6546682C1, cannot be asserted against others with respect to products made, used or sold prior to the dates of the reexamination certificates.

39.     Prior to grant of Reexamination Certificates 5636484C1 and 6546682C1, Defendant, and customers to whom Defendant may have warranty obligations of noninfringement, made, purchased, offered to sell, used or imported subject matter alleged by Plaintiff to infringe stated claims of U.S. Patent Nos. 5,636,484 and/or 6,546,682, which claims after reexamination are not substantially identical to the claims alleged to be infringed, wherefore no claim for infringement or damages can be

sustained for the use or sale of such subject matter after the issuance of the reexamination certificates under 35 U.S.C. §§ 307 and 252.

## V.    Equitable Intervening Rights under 35 U.S.C. §§ 307 and 252

40.    Prior to grant of Reexamination Certificates 5636484C1 and 6546682C1, Defendant invested substantially in product design, development, testing, regulatory approval, tooling and production of products alleged by Plaintiffs to infringe one or more claims of U.S. Patent Nos. 5,636,484 and 6,546,682, which claims, after reexamination, are not substantially identical to the claims alleged to be infringed.

41.    Plaintiffs invested time, money and effort in products alleged by Plaintiff prior to the reexaminations to infringe, at least by: developing a product line and building and distributing door and window products since at least as early as 1989 wherein the glass and the frame elements were adhered with silicone structural glazing adhesive; developing and testing wooden product configurations with silicone structural glazing and plastic film laminates; developing and testing steel and fiberglass body product configurations using one or both of silicone structural adhesive glazing and plastic film laminates; obtaining regulatory approval according to Dade County hurricane resistance standards for such products and configurations; and inventively developing and obtaining Defendant's own U.S. Patent No. 6,715,245 on a product comprising an overlapping plastic strip.

42.    Defendant is entitled to equitable intervening rights allowing it to continue the manufacture, use, offer for sale, and sale of additional products without liability for infringement of U.S. Patent Nos. 5,636,484 and 6,546,682 in accordance with 35 U.S.C. §§ 307 and 252.

Wherefore, Defendant Signature Door, Inc. respectfully requests that the Court enter judgment in favor of Defendant and against Plaintiff ODL, Incorporated, dismiss Plaintiff's complaint, deny all relief therein requested and award costs and attorneys' fees in favor of Defendant and against Plaintiff.

## Counterclaims

### I.  Declaratory Judgment of Invalidity and/or Unenforceability

Defendant, Signature Door, Inc., counterclaims against Plaintiff, ODL, Incorporated, as follows:

1.  This Court has subject matter jurisdiction over the counterclaims of Signature Door, Inc. under 28 U.S.C. §§ 1338(a) and 1367, and Fed. R. Civ. P. 13.

2.  ODL, Incorporated has submitted to the personal jurisdiction of this Court by commencement of this action.

3.  On information and belief, one or both of U.S. Patent Nos. 6,546,682 (and its reexamination certificate 6546682C1) and 5,636,484 (and its reexamination certificate 5636484C1) is invalid and unenforceable because more than one year before the application for such patent was filed in the U.S. Patent and Trademark Office, the alleged invention was patented or described in a printed publication, or was in public use or on sale in the United States.

4.  On information and belief, the subject matter claimed in U.S. Patent Nos. 6,546,682 and 5,636,484 and their reexamination certificates would have been known or obvious to a person of ordinary skill in the art at the time of the alleged invention.

5.  On information and belief, one or both of U.S. Patent Nos. 6,546,682 and 5,636,484 and their reexamination certificates is invalid and unenforceable because the identified inventor did not in fact invent the subject matter claimed.

6.  On information and belief, U.S. Patent Nos. 6,546,682 and 5,636,484 and their reexamination certificates are invalid because the subject matter claimed therein is not disclosed sufficiently in the written description to enable a person of ordinary skill to make and use the subject matter claimed, and/or fails to demonstrate the best mode for practicing such subject matter.

7.  On information and belief, Plaintiff cannot properly claim to be the owner of the subject matter of one or both of U.S. Patent Nos. 6,546,682 and 5,636,484 and their reexamination certificates, because these patents disclose and claim technology or

routine variations on technology involving impact resistant structures originated by Stephen E. Howes of Pompano Beach, Florida rather than by Plaintiff or by any inventive entity from which Plaintiff may have succeeded to ownership of said U.S. Patent Nos. 6,546,682 and 5,636,484.

8.      On information and belief, U.S. Patent Nos. 6,546,682 and 5,636,484 and their reexamination certificates are invalid and unenforceable due to failure, with an intent to mislead the U.S. Patent and Trademark Office, of one or more persons substantively involved with preparation or prosecution of the patents to disclose to the patent examiner all facts, including information material to the patentability of the claims therein, required according the duty of candor of patent applicants under 37 C.F.R. §§1.56 and 1.555.

Wherefore, Defendant-Counterclaimant, Signature Door, Inc., respectfully requests that the Court:

(a)      Enter judgment in favor of Signature Door, Inc., dismissing all counts of the complaint of Plaintiff, ODL, Incorporated;

(b)      Enter judgment declaring that U.S. Patent Nos. 6,546,682 and 5,636,484 are invalid, unenforceable, and/or not infringed by Defendant-Counterclaimant, Signature Door, Inc.;

(c)      Grant to Defendant-Counterclaimant, Signature Door, Inc. and against Plaintiff, ODL, Incorporated, judgment for reasonable costs and attorneys' fees; and

(d)      Grant to Defendant-Counterclaimant, Signature Door, Inc., such other relief, in law and in equity, to which Signature Door, Inc. may show itself to be justly entitled.


## II.      Abuse of Process and Malicious Prosecution

9.      The present civil action for infringement brought by Plaintiff against Defendant for infringement of U.S. Patent Nos. 6,546,682 and 5,636,484 was brought and thereafter maintained by Plaintiff without probable cause to believe that any valid claim of said patents was infringed.

10.      Prior to institution of this action and in response to demand correspondence from Plaintiff's counsel, Defendant represented to Plaintiff that

Defendant had used silicone structural adhesive in products sold more than a year before Plaintiff's patent application filing date.

11.     Prior to institution of this action and in response to demand correspondence from Plaintiff's counsel, Defendant provided Plaintiff with patents, publications, and other documentation predating Plaintiff's patents, constituting prior art against Plaintiff's patents and precluding lawful application of Plaintiff's patent claims to Defendant's products.

12.     Notwithstanding the prior use and prior art patents or publications cited by Defendant, which precluded any probable cause to believe that this action could be sustained, Plaintiff nevertheless instituted and maintained this action after further documentation of material prior art was educed.

13.     During ongoing prosecution of this civil action, Plaintiff's counsel represented that negotiations with Defendant, Signature Door, were being undertaken when, upon information and belief, such negotiations were being held between ODL and RSL Woodworking, a company operated by a blood relative of one of the managers of Signature Door.

14.     Upon information and belief, the present civil action was brought by Plaintiff against Signature Door with tortious and malicious intent to accomplish one or more objectives other than assertion of a valid claim of infringement of Plaintiff's patents by Defendant, Signature Door, Inc.

15.     Upon information and belief, the present civil action was brought by Plaintiff against Signature Door in a tortious and malicious effort to interfere with Defendant's efforts to expand into marketing steel and fiberglass body doors, to which Plaintiff has no lawful claim to exclusive rights, by the method of causing Defendant to incur expense and effort in defending against patent infringement claims that were known to be without adequate basis in fact and law.

16.     The tortious and malicious institution and continued prosecution of this civil action against Defendant has caused Defendant monetary damage and lost profits.

17.     Plaintiff's tortious and malicious institution and continued prosecution of a civil action for patent infringement, with knowledge of prior art that precluded a proper cause of action for patent infringement, and while failing to meet the affirmative

- 13 -

obligation to disclose known material prior art to the U.S. Patent and Trademark Office by Plaintiff, renders this case exceptional.

### III.    Inequitable Conduct

18.    This counterclaim seeks the declaration of the Court that US Patents 5,636,484 and 6,546,682 are unenforceable and that this case is exceptional under 35 U.S.C. §285; and seeks an award against Plaintiff and in favor of Defendant of all costs and attorneys' fees incurred by Defendant in connection with the present dispute.

19.    US patent application SN 08/288,819, was filed August 11, 1994 by alleged inventor David A. DeBlock, with a Declaration acknowledging the duty to disclose information which was material to the examination of the application under 37 C.F.R. §1.56(a).  In that application, original claims 8 and 15 recited structural adhesive means for adhesively and structurally securing a transparent panel to an outer frame half.  This application resulted in US Patent 5,636,484.

20.    Upon information and belief and according to admissions made by ODL in Reexamination 90/009169, David DeBlock was aware during development work prior to filing application SN 08/288,819, that structural adhesives such as silicone structural adhesive disclosed in the Dow Corning "Silicone Structural Glazing Manual" were used to adhere glazing panels to supporting structures.

21.    Application 08/288,819 was rejected by patent examiner Christopher Kent in official actions dated May 30, 1995 and March 20, 1996.  The latter official action cited US Patent 4,947,597 – Simpson as prior art meeting all the elements of claims 1, 2, 8 and 15.  The examiner stated, "With respect to claims 8 and 15, without any further defining characteristics caulking compound (34 within caulking groove 20) is considered to be a "structural adhesive means."

22.    Attorney William P. Dani of the firm Warner Norcross & Judd LLP, which firm is counsel for plaintiff in the current civil action, filed a response to the examiner's rejection on July 26, 1996, amending claim 15 to recite "a structural adhesive" rather than "structural adhesive means," ostensibly combining claim 8 with independent claim 1.  Attorney Dani presented arguments repeatedly disputing the examiner's rejection on

the ground that the caulking disclosed in US Patent 4,947,597 – Simpson was not a underline structural adhesive as claimed.

23.     Together with the July 26, 1996 response to the examiner's rejection, attorney Dani submitted the Declaration of the alleged inventor David A. DeBlock (dated July 16, 1996).  In the last paragraph of the response, attorney Dani expressly relied upon the Declaration of DeBlock in support of the proposition that the claims were novel and unobvious, i.e., patentable.

24.     In paragraphs 1-3, the July 16, 1996 Declaration of DeBlock asserts alleged educational credentials and experience that demonstrate an intent of Mr. DeBlock for the reader to rely on the allegations in the Declaration as being credible.  In paragraph 5, DeBlock refers to the specification of the patent application and points out passages mentioning "structural adhesive" and identifying structural silicone as an example of structural adhesive.  DeBlock declared that the Simpson prior art cited by the examiner failed to disclose structural adhesive.   DeBlock failed to mention that structural adhesives in general and silicone structural adhesives in particular, were already known at the time and had been used to adhere glazing panels to supporting structures

25.     Attorney Dani argued in the response filed July 26, 1996 that the claims were novel over cited Patent 4,947,597 - Simpson under 35 U.S.C. §102 for recitation of structural adhesive structurally securing the glass assembly to the outer frame. Regarding claim 7, Attorney Dani disputed the examiner's rejection for obviousness over Simpson under 35 U.S.C. §103.  Mr. Dani pointed out that the claim recited laminated glass (whereas Simpson's glass was insulated but not laminated) and structural adhesive (whereas Simpson's analogous material was caulk).  Mr. Dani allowed that even if the examiner's contention was correct as to the obviousness of substituting laminated glass for Simpson's insulated glass, that the claim was patentable because of the recital of structural adhesive.  Specifically, Mr. Dani argued, "Suffice it to say that Simpson does not teach or suggest a structural adhesive structurally securing the glass assembly to the outer frame."  The examiner thereafter allowed the patent application.

- 15 -

26.     The specification of patent application SN 08/288,819, and the July 26, 1996 response of attorney Dani, and the Declaration of DeBlock, and the sequence of documents including the prior art rejections, the response and Declaration, and allowance by the examiner, show that the grant of US Patent 5,636,484 on application SN 08/288,819 was predicated substantially on representations to the patent examiner by DeBlock, Dani and others having a duty of candor to the Patent Office, that glazing comprising structural adhesive generally, and glazing with silicone structural adhesive in particular, were unknown in the prior art.  Such representations were not true, and were known at least by the alleged inventor DeBlock to be untrue.

27.     In the present civil action, on March 21, 2005 Defendant Signature Door served on Plaintiff ODL and its counsel, a set of Preliminary Invalidity Contentions containing citations of prior art patents and information in public use, on sale, patented or disclosed in printed publications showing that certain subject matter recited in the claims of US Patents 5,636,484 and 6,546,682 was known in the prior art more than a year before the filing date of the applications leading to said patents.

28.     Defendant Signature Door's Preliminary Invalidity Contentions included copies of documentation showing unequivocally that more than one year before the filing date of application SN 08/288,819, silicone structural adhesives were known and publicly used in glazing, were on sale and promoted in publications for use as structural adhesive in glazing by major suppliers such as Dow Corning, and had been incorporated in products on sale by Defendant Signature Door.  In addition to patent references that were cited, publications that were cited (and copies provided to Plaintiff ODL) were the following documents, which demonstrate prior art use of structural adhesive in glazing, and more particularly demonstrate silicone structural adhesive in glazing (these publications being hereinafter termed "the six silicone structural adhesive prior art publications"):

"Response of Structurally Glazed Insulating Glass Units to Wind Pressure," Bailey et al., Journal of Wind Engineering and Industrial Aerodynamics, 36 (1990), pp. 1163-1171. [Bates numbered pages SDI 79-87]

"Stress Redistribution in Structural Glazing Joints," Sandberg et al., Science and Technology of Building Seals, Sealants, Glazing and Waterproofing, ASTM STP 1168 (1992), pp. 106-114. [SDI 137-145]

"Silicone Structural Glazing Manual," Dow Corning (June 1993), pp. 1-24. [SDI 110-136]

"Sealant Stresses in Structural Glazing: A Mathematical Model," Vallabhan et al., Building Sealants: Material, Properties and Performance, ASTM STP 1069, (1990), pp 22-41. [SDI 88-107]

"Silicone Sealant Helps Increase Productivity 10% in New Window Application," (author unknown), Plastics in Building Construction, V. 10 #8, (1987), pp. 4-5. [SDI 108-109]

"New Technology in the Window Industry," Elmahdy et al., Building Science Insight '88 (http://irc.nrc-cnrc.gc.ca/bsi/88-5_E.html) [SDI 59-78]

29.    Reexamination 90/007,960 of US Patent 5,636,484 was filed March 1, 2006 and was pending until a reexamination certificate was issued on September 12, 2007.  Reexamination 90/007,947 of US Patent 6,546,682 was filed on February 22, 2006 and was pending until a reexamination certificate was issued on April 8, 2008. While the reexaminations were pending, an affirmative duty to cite to the patent examiner all material prior art known, applied to each inventor named in the applications, including David A. DeBlock and Michael S. Eveland, and each attorney or agent who was substantively involved with the application, including at least Charles E. Burpee, counsel for ODL who prosecuted the reexamination, and on information and belief, attorney William Dani.  The affirmative duty to cite known prior art material to patentability also applied to every other person who was substantively involved in the preparation or prosecution of the application and who is associated with the inventor, with the assignee or with anyone to whom there is an obligation to assign the application, including at least Jonathon DeMond, the alleged expert whose Declaration was submitted by Mr. Burpee in reexamination 90/007,960, and including management and engineering personnel David J. Killoran, Paul Meeuwsen, Douglas Hutchings, William Juhasz, and, on information and belief, additional persons at ODL.

30.    The claims presented in both reexaminations 90/007,960 and 90/007,947 include recitations of structural adhesive, namely both independent claims 1 and 7 in reexamination 90/007,960 of Patent 5,636,484 and dependent claim 3 in reexamination 90/007,947 of Patent 6,546,682.  None of inventors David DeBlock, Michael Eveland, attorneys Charles Burpee, William Dani, declarant Jonathon DeMond, or any other

persons substantively involved with reexaminations 90/007,960 or 90/007,947, cited to the Patent and Trademark Office Defendant Signature Door's Preliminary Invalidity Contentions.

31.     None of DeBlock. Eveland, Burpee, Dani, DeMond and such other persons cited the published documentation showing that more than one year before the filing dates of the patent applications respectively resulting in Patents 5,636,484 and 6,546,682.  None of these persons mentioned or disclosed to the Patent Office that structural adhesives in general and silicone structural adhesives in particular, were known and publicly used in glazing, were on sale and promoted in publications for use as structural adhesive in glazing by major suppliers such as Dow Corning, and were incorporated in products on sale, more than a year before the bar dates applicable to Patents 5,636,484 and 6,546,682.

32.     Insofar as any prior art publications, mention in declarations or similar references might be found in the records of reexaminations 90/007,960, 90/007,947 or patents 5,636,484 or 6,546,682 to mention silicone, whether as a sealant or adhesive, Defendant Signature Door's Preliminary Invalidity Contentions, including the six silicone structural adhesive prior art publications, nevertheless were material prior art because these documents illustrated with no uncertainty or conjecture and with detailed examples the application of structural adhesive and silicone structural adhesive to hold glass in place in frames.

33.     When statements or arguments are made to a patent examiner to distinguish or avoid a rejection of a claim on the ground that one or more references cited as prior art against the claim lacks a particular aspect recited in the claim, and such statements or arguments are made by a person having a duty to disclose information that is material to patentability, then the statements or arguments carry a representation that the person making the statements or arguments is not in possession of or aware of prior art that could be substituted in the rejection as an alternative citation for the prior art reference sought to be distinguished, and if so would provide that particular aspect.  Therefore, even if a reference sought to be distinguished lacks a particular aspect recited in the claim, failure to cite or mention to the patent examiner the existence of known prior art that meets the particular aspect, and if substituted as an

alternative citation for the prior art reference would support the rejection of the claim, constitutes a misrepresentation of material facts.

34.    When statements and arguments to distinguish the Simpson and Painter patents were made on behalf of ODL by DeBlock, Dani, DeMond and/or Burpee, who had the duty to disclose information that is material to patentability, those statements carried the representation that the person(s) making the statement or argument were not aware of or in possession of alternative citations that might be substituted for the references that were sought to be distinguished.

35.    However, during the examination of SN 08/288,819 leading to Patent 5,686,484, Mr. DeBlock was aware of prior art silicone structural adhesive.  During reexaminations 90/007,960 and  90/007,947 leading to reexamination certificates 5,686,484C1 and 6.546,682C1, the patent owner ODL, at least one of the inventors Mr. DeBlock, and counsel for the patent owner, Warner Norcross & Judd and Mr. Burpee, were aware of Defendant Signature Door's Preliminary Invalidity Contentions, including six silicone structural adhesive prior art publications that might have been substituted for the Simpson or Painter patent disclosures as applied by the patent examiner and would have supported the rejection that the patent owner sought to avoid by statements and arguments in declarations and amendments and personal interviews with the patent examiners.  The statements and arguments of ODL, Mr. DeBlock, Warner Norcross & Judd and Mr. Burpee were falsehoods, uttered to the Patent and Trademark Office in a wrongful effort to obtain official confirmation that ODL's alleged inventor(s) were the first to invent structural attachment of glass in a frame using structural adhesive.

36.    The foregoing falsehoods were uttered at least (1) by David DeBlock in the Declaration of David DeBlock dated July 16, 1996 filed in SN 08/288,819, (2) by Charles Burpee during the examiner interview held January 17, 2007 in reexamination 90/007,960, as evident from the summary of the examiner interview, (3) in the response to the official action filed February 19, 2007 in reexamination 90/007,960 that presented claims for structural adhesive in glazing, (4) by presentation in reexamination 90/007,960 of the DeMond declaration, which was obtained by withholding material information from the declarant and presenting him as an alleged expert, and (5) in the response filed February 19, 2007 in 90/007,947 that presented claim 3 to structural

- 19 -

adhesive.  These falsehoods were uttered with the intent to obtain confirmation of claims in reexamination and to further the litigation interests of the patent owner by means of dishonesty.

37.    At least prior to the commencement of reexaminations 90/007,960 and 90/007,947, the contents of Defendant Signature Door's Preliminary Invalidity Contentions, including the six silicone structural adhesive prior art publications, were known to Plaintiff ODL, to attorney Charles Burpee, to ODL's litigation counsel James Moskal and to ODL's local counsel Patrick McElhinny, including by virtue of copies of the six silicone structural adhesive prior art publications being served and also due to the explanation explaining the disclosures that was served on ODL and its counsel.  On information and belief, the six silicone structural adhesive prior art publications and the explanation contained in Defendant Signature Door's Preliminary Invalidity Contentions were known to inventor DeBlock and to persons at ODL, at Warner Norcross & Judd LLP and at K&L Gates LLP.

38.    Upon information and belief, persons substantively involved with the reexaminations of the patents in suit, who had knowledge of Defendant's invalidity contentions including the six silicone structural adhesive prior art publications, include at least William J. Juhasz, Jr., Charles E. Burpee, William P. Dani, Gregory P. Bondarenko, David A. DeBlock, Douglas F. Hutchings, Paul Meeuwsen and David Killoran.  These persons were all associated with the patent owner and individually and concertedly committed inequitable conduct by failing between commencement of the two reexaminations and conclusion of the reexaminations ever to cite material prior art to the patent examiner.

39.    The material prior art that was not cited by said persons substantively involved with the reexaminations included not only the third party publications in Defendant's Preliminary Invalidity Contentions such as the six silicone structural adhesive prior art publications, but also included publications of Signature Door promoting the sale of prior art products more than a year prior to the filing dates of the patent applications resulting in the patents in suit.

40.    In reexamination 90/007,960 of Pat. 5,636,484, the Patent and Trademark Office determined in an action dated May 5, 2006 that a substantial new question of

patentability had been raised by the reexamination requester and in an action dated December 18, 2006 rejected all the claims presented on reexamination. The independent claims were rejected as anticipated in the prior art and unpatentable under 35 U.S.C. §102 in view of Patent 2,356,878 – Painter.  The dependent claims were rejected as obvious and unpatentable under 35 U.S.C. §103 in view of Painter, alone or in combination with other prior art cited for structures and materials that were similar to the recital of the patent claims.

41.     Plaintiff's counsel, Charles Burpee, did not immediately respond to the official action.  Prior to responding, Mr. Burpee traveled in person to the Patent and Trademark Office in Alexandria, VA and conducted a personal interview with the patent examiners responsible for the reexamination.  Personal interviews with examiners are known in the patent bar as a technique by which arguments can be presented to an examiner while minimizing generation of a record of what precisely was said or argued. The examiner interview summary record memorializing the interview is limited to statements to the effect that the patent owner's representative argued and would present a declaration to establish that the <u>structural adhesive</u> recited in the reexamined claims was different from the sealant/mastic of Painter, and would not provide an operable structure as claimed.

42.     On February 20, 2007, Charles Burpee filed a written response containing an alleged summary of the matters discussed at the examiner interview, an amendment and argument, and an attached Declaration of Jonathon DeMond.  This response, the summary of matters discussed at the examiner interview, and the argument, are devoted substantially to asserting that the claimed invention was patentable because it employs <u>structural adhesive</u> to hold the glass in the frame, whereas the prior art represented by Painter discloses a sealant that would not affix the glass to the frame with sufficient structural security to withstand expected loads.

43.     The publications that were known to Mr. Burpee and others at ODL and at their law firms at the time of the interview fully disclosed the use of structural adhesive to hold glass in frames under the influence of loads.  By arguing to the examiner that the claimed invention was patentable <u>over Painter</u> due to the claimed use of structural adhesive, Mr. Burpee represented to the examiner, at least by implication and

inference, that the prior art of which Mr. Burpee was aware did not include the use of structural adhesive to hold glass in a frame under the influence of loads. Mr. Burpee was aware of Defendant's Preliminary Invalidity Contentions and their contents, and as a result, Mr. Burpee's representations to the examiner were knowingly false.

44.     On information and belief, including statements made by ODL in response to discovery, ODL submitted to the patent examiner the Declaration of Jonathon DeMond together with the response submitted by Mr. Burpee on February 27, 2007, with the intention and expectation that the Declaration would be relied upon by the patent examiner and in an effort to induce the examiner to allow the pending claims.

45.     On information and belief, including admissions of ODL in response to discovery, ODL did not provide a copy of Defendant's Preliminary Invalidity Contentions or their contents to Jonathon DeMond. The Declaration of DeMond asserts that the materials reviewed and considered were the DeBlock Patent 5,636,484 (the patent in reexamination), the cited prior art Painter Patent 2,356,878, and the Declaration of DeBlock dated May 16, 1996.

46.     In the DeBlock Declaration, which was reviewed by DeMond and relied upon as provided in DeMond's Declaration, the position was taken that the claimed invention differed from the prior art as represented by Patent 4,947,597 – Simpson, because the claims recite structural adhesive holding the pane in the frame, whereas Simpson disclosed a sealant or caulk. The DeMond Declaration makes almost the same assertion, except states that the claims differ over Patent 2,356,878- Painter for substantially the same reason. DeMond avers that the claims recite structural adhesive holding the pane in the frame whereas Painter discloses a sealant or caulk. DeMond's Declaration points out that structural adhesive structurally (mechanically) affixes the glass pane in the frame against loading stresses.

47.     The information that was known to DeBlock, to ODL and to ODL's law firms when conferring with DeMond included Defendant's Preliminary Invalidity Contentions, containing the six silicone structural adhesive prior art publications, and publications of Signature Door evidencing sale of products more than a year prior to the filing dates of the patent applications resulting in the patents in suit. However, it appears that ODL and its representatives did not give that information to DeMond, while

nevertheless inducing or allowing DeMond to utter a declaration in support of the proposition that the structural adhesive recited in the claims distinguished the alleged invention from the prior art cited by the patent examiner.

48.     By providing DeMond with an incomplete set of documentation, ODL impliedly represented to DeMond that ODL was not aware of information that was inconsistent with the information provided by ODL to DeMond.  However, ODL was aware of Defendant's Preliminary Invalidity Contentions and the six silicone structural adhesive prior art publications.  By providing incomplete documentation to DeMond, ODL induced or allowed DeMond to draft a statement that was intended to be employed by ODL and was employed by ODL to induce the Patent Office to believe that structural adhesive in glazing and silicone structural adhesive in particular, were novel and unobvious aspects over prior art references that otherwise disclosed glass panes frames.

49.     ODL knew from Defendant's Preliminary Invalidity Contentions that silicone structural adhesive was known in the prior art of glazing.  By providing DeMond with a subset of the information known to ODL, namely by omitting information demonstrating prior art silicone structural adhesive in glazing, ODL caused or permitted DeMond to produce a misleading declaration of alleged facts.  DeMond in his ignorance of the truth was thereby caused to declare vigorously in favor of ODL's ostensible invention of structural adhesive in glazing.  After soliciting such a declaration based on half truths supplied by ODL to DeMond, ODL submitted the DeMond Declaration to the Patent Office, intending it to be relied upon by the patent examiner.  ODL thereby committed a fraud on the Patent Office.

50.     Both patents 5,636,484 and 6,546,682 contain claims reciting structural adhesive.  Both patents are infected with the inequitable conduct shown by the record and alleged with particularity herein.  Both Patents 5,636,484 and 6,546,682 are unenforceable due to their prosecution in reliance upon inequitable conduct and/or fraud.

51.     Subsequent to obtaining reexamination certificates by inequitable conduct, and while in possession of documentation in the form of Defendant's Preliminary Invalidity Contentions showing that the subject matter claimed was not and had never

been validly patentable, the patent owner and counsel for the patent owner boldly sought to resume and continue a patent infringement action in this Court.

52. The inequitable conduct of the Plaintiff and its representatives, before the Patent and Trademark Office and this Court, render this case exceptional, justifying an award of attorneys fees in favor of Defendant Signature Door and jointly and severally against Plaintiff and the respective law firms who have carried out the foregoing fraud in violation the duty of candor and good faith demanded and expected of patent practitioners and patent applicants.

Wherefore, Defendant-Counterclaimant, Signature Door, Inc., requests that the Court:

(a) Enter judgment in favor of Signature Door, Inc.;

(b) Award Signature Door, Inc. its damages and lost profits against Plaintiff;

(c) Declare the case exceptional under 35 U.S.C. § 285;

(d) Order that Plaintiff remit to Signature Door, Inc. the amount of Defendant's full costs and attorneys' fees incurred; and,

(e) Award such other relief that is reasonable and necessary.

Respectfully Submitted,

Date: October 16, 2009

By: s/ Joseph T. Moran
Joseph T. Moran, PA ID 47533
Julia M. Tedjeske, PA ID 86493
DUANE MORRIS LLP
600 Grant Street, Suite 5010
Pittsburgh, PA 15219-2811
Phone: 412-497-1000
Fax: 412-497-1001
JTMoran@duanemorris.com
JMTedjeske@duanemorris.com

Stephan P. Gribok, PA ID 32173
James L. Beausoleil, Jr., PA ID 74308
DUANE MORRIS LLP
30 South 17th Street
Philadelphia, PA 19103-4196
Phone: 215-979-1000
Fax: 215-979-1020
SPGribok@duanemorris.com
JLBeausoleil@duanemorris.com

Attorneys for Defendant Signature Door, Inc.

## CERTIFICATE OF SERVICE

The undersigned certifies that on this  16th  of October, 2009, true and correct copies of the foregoing SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS OF DEFENDANT SIGNATURE DOOR, INC. were served on the below-listed counsel for Plaintiff, ODL, Incorporated, via email pdf file transmission and by first class mail, as follows:

Patrick J. McElhinny
K&L Gates LLP
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, PA 15222
PMcElhinny@klng.com

James Moskal
Warner Norcross & Judd LLP
900 Fifth Third Center
111 Lyon Street, N.W.
Grand Rapids, MI 49503
JMoskal@wnj.com

By:   s/  Joseph T. Moran
Attorney for Defendant, Signature Door, Inc